EMMA MERKLE HARDER, Respondent, v. AMBASSADOR REALTY COMPANY, INC., and REGINA GROSS, Appellants. OTTO H. ZIEGLER, Respondent, v. AMBASSADOR REALTY COMPANY, INC., and REGINA GROSS, Appellants.— Consolidated actions by owners of lots, whose predecessors in title purchased by reference to a map showing the street characterized as Shore avenue delineated thereon, for an injunction restraining defendants from interfering with plaintiffs' easement and right of way over Shore avenue as a means of ingress and egress, and directing them to remove bungalows erected within the area delineated as Shore avenue. Judgment for plaintiff Emma Merkle Harder modified by providing therein that the action as against the defendant Regina Gross be dismissed, without costs, and, as so modified, unanimously affirmed, without costs. Judgment in favor of plaintiff Otto H. Ziegler modified by providing therein that the action as against the defendant Regina Gross be dismissed, without costs, and, as so modified, unanimously affirmed, without costs. Finding of Fact No. 28 is modified by striking therefrom the words " twenty five (25) feet " and substituting in lieu thereof the following " twenty-two and ninety-two one-hundredths (22.92) feet." In accordance with the well-settled doctrine, the plaintiffs or their predecessors in title acquired an easement of access over Shore avenue, as delineated on the develop-

ment map, running from their respective lots easterly to and across Shore avenue to Arbutus avenue. The measurement of Shore avenue along the stretch involved, as shown by all the surveys and, in accordance with the conveyances in the record after litigation had determined the extent of other property, is 22.92 feet. The showing is complete and undisputed that title to the triangular parcel and ownership of the bungalows was in the defendant Ambassador Realty Company, Inc., and not in defendant Regina Gross, who acted as an officer on behalf of the corporate defendant. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.